IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID W. WATTS,

    Plaintiff,

v.

DAN WESTFIELD and RICK RAEMISCH,

    Defendants.

OPINION and ORDER

10-cv-550-slc

---

Plaintiff David Watts is proceeding in this case on his Eighth Amendment claims that defendants Dan Westfield and Rick Raemisch of the Wisconsin Department of Corrections failed to (1) protect him from harm at the Colorado prison to which he was transferred; and (2) provide him with a CPAP machine for his sleep apnea. In a May 31, 2011 order, the court denied Watts's motion for preliminary injunctive relief because he was "unlikely to be able to show defendants Westfield and Raemisch knew that after his transfer to Colorado he remained in substantial risk of harm." Dkt. #49. The court, however, noted that Watts's "allegations suggest that real danger may have followed [him] to Colorado," stayed the case and appointed attorney Jeff Costakos "for the limited purpose of examining the merits of [Watts's] claims and determining whether he wishes to take on Watts's representation." *Id.*

On September 23, 2011, attorney Costakos submitted a letter stating that after reviewing the file and speaking with Watts over the phone and in person, he would not take on the representation. On September 28, 2011, Watts submitted a new motion for

preliminary injunctive relief.[1]  In this motion, Watts states that he is now incarcerated at the Dodge Correctional Institution, located in Waupun, Wisconsin.  He calls himself "a well known confidential witness" and alleges that he has been beaten by other inmates and prison staff, then denied medical care for injuries stemming from those beatings.

One of the main reasons the court appointed attorney Costakos to review the file was that Watts's confinement in Colorado would make it particularly difficult for him to prosecute an action against Wisconsin defendants.  Watts's transfer to Wisconsin, coupled with the fact that the first court-appointed attorney has chosen not to represent Watts, leads the court to conclude that there is little reason to pursue further appointment of counsel in this case.

This leaves the question of how to handle Watts's new motion for preliminary injunctive relief.  The allegations in this motion, while troubling, do not arise out of the specific claims upon which Watts is proceeding here.  While the court could consider the motion as a supplemental pleading under Fed. R. Civ. P. 15(d), it is unclear that his new allegations can be considered part of the present case because there is no indication that defendants Raemisch or Westfield had any personal responsibility with respect to protecting Watts from the alleged beatings or, indeed, were even aware that Watts faced risks with

---

[1] It appears that Watts did not serve defendants with a copy of this motion; he states that he will serve defendants with a copy when directed by the court.  There is no need for Watts to serve defendants with any of his filings in this case.  Pursuant to an informal service agreement between the Department of Justice and this court, the department has agreed to accept electronic service of documents on behalf of those defendants it represents.

DCI. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (liability under 42 U.S.C. § 1983 must be based on defendant's personal involvement in constitutional violation).

Accordingly, the court concludes that it is appropriate to give Watts a short period of time to file a formal supplement to the complaint more fully explaining the basis for the new claims he wishes to raise against these defendants and, in particular, explaining what role defendants have played in failing to protect Watts from beatings at the Dodge Correctional Institution. If Watts is unable to explain how Westfield or Raemisch[2] are involved, then he will not be able to proceed against them in this case, though he may still be given an opportunity to file a new lawsuit against other defendants as to his current confinement.

In the meantime, because Watts's allegations are so serious, the court will direct the state to submit a response to this order, explaining where Watts is currently housed and what has been done to protect him from physical violence, whether it be at the hands of other prisoners or Department of Corrections staff.

---

[2] Among other things, it is unclear whether Watts names defendant Raemisch in his new allegations because he was personally involved in the claims or because Watts seeks injunctive relief against the state and decided to name the former secretary of the Department of Corrections in his official capacity. If Watts merely names Raemisch in his official capacity, the court will replace him in the caption with the current secretary, Gary Hamblin. Fed. R. Civ. P. 25(d).

ORDER

IT IS ORDERED that:

1. Plaintiff David Watts may have until September 15, 2012, to submit a proposed supplement to his complaint more fully detailing his claims that defendants are failing to protect him from physical violence at the Dodge Correctional Institution.

2. The state may have until September 30, 2012, to submit a response to this order explaining where Watts is currently housed and what has been done to protect him from physical violence.

Entered this 23rd day of August, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge