IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID W. WATTS,

                Plaintiff,                ORDER

v.

DAN WESTFIELD, *et al.*,                10-cv-550-wmc

                Defendant.

---

Plaintiff David W. Watts is a state inmate incarcerated by the Wisconsin Department of Corrections ("WDOC") at the Columbia Correctional Institution ("CCI") in Portage. The only remaining defendants are Dan Westfield, who is employed by DOC as Warden of the Oakhill Correctional Institution, and Rick Raemisch, who is Director of the Colorado Prison System. Watts has been granted leave to proceed with claims under the Eighth Amendment alleging that defendants Dan Westfield and Rick Raemisch failed to (1) protect him from harm following his transfer to a prison facility in Colorado; and (2) provide him with a "physician-prescribed" CPAP machine for sleep apnea. There are several pending motions in this case, which is now more than three years old.

## A. Watts' Request for Leave to Amend

Watts has filed a motion to amend the complaint to clarify that his request is for monetary damages and a jury trial in this case. (Dkt. # 72). The defendants have yet to file a response. Because it appears that the motion is unopposed, the court will grant the motion to amend. Absent a showing of good cause, no further amendments or supplements will be accepted in this case.

1

### B. Watts' Motion to Place Evidence Under Seal and for *In Camera* Inspection

In addition, Watts has filed a motion asking the court to place his "confidential security file" under seal and he requests *in camera* inspection of its contents, alleging that defendants are "hid[ing] vital evidence" in that file. (Dkt. # 77). Noting that neither defendant is in a position to access Watts' security file, which is located at CCI, the defendants argue that plaintiff's allegations are unsupported and untrue. The defendants have offered to provide a copy of Watts' security file under seal, but it does not appear necessary at this time. Because Watts does not allege specific facts explaining how the evidence in his security file relates to his remaining claims, his motion to place the file under seal and his request for *in camera* inspection are denied at this time.

### C. Watts' Motion For Protective Order

Watts has filed a motion for a protective order to prevent the defendants from taking confidential records from his medical file. (Dkt. # 74). In particular, Watts requests the return of dental records that he claims are missing. In response, the defendants have provided an affidavit from Karen Anderson, who is the Health Services Unit Manager at CCI. (Dkt. # 82). Anderson reports that all of Watts' dental x-rays are accounted for. Because Watts does not indicate that specific records are missing from his medical file, the court has no basis to find otherwise and his motion for a protective order will be denied at this time.

### D. Watts' Request for Additional Law Library Time

In his request for a protective order, Watts also requests additional time in the law

library. In response to this request, the defendants provide an affidavit from Lynn Harthorne, who is the librarian at CCI. (Dkt. # 83). Harthorne explains that, subject to security concerns, all inmates at CCI are eligible to sign up for regularly scheduled law library time. In addition, inmates with an "active litigation matter" that involves a "pressing legal deadline" are eligible to request additional library time. Harthorne reports that, in the past, Watts has requested and received additional law library time from July 19 through July 24, 2013, and from August 13 through September 13, 2013. The defendants correctly note that there are no deadlines in this case until January 2014. Absent a showing that lack of access to the law library has prevented him from meeting a deadline in this case, Watts' request for additional law library time will also be denied.

### E. Defendants' Motion to Compel

The defendants have filed a motion to compel Watts to authorize disclosure of his medical records pursuant to Fed. R. Civ. P. 37. (Dkt. # 78). According to supporting documentation, defense counsel has made multiple attempts to obtain Watts' authorization since March 2011. To date, however, Watts has refused to provide the necessary authorization. In light of Watts' refusal to cooperate, the defendants request a court order to compel his authorization.

Watts has filed a response, but he provides no valid explanation for his refusal to authorize the release of records related to the medical condition that forms the very basis for his complaint. In that respect, a plaintiff waives any privilege that he may have had when he puts his medical condition in issue by filing a lawsuit. *See Doe v. Meacham*, 126

3

F.R.D. 444, 450 (D. Conn. 1989) (citing *In re "Agent Orange" Prod. Liab. Litig.*, 91 F.R.D. 616, 618 (E.D.N.Y. 1981)); *see also Ferrell v. Glen-Gery Brick*, 678 F. Supp. 111, 112 (E.D. Pa. 1987) (observing that "both courts and commentators alike have consistently taken the view that when a party places his or her physical or mental condition in issue, the privacy right is waived"). Accordingly, the court will grant the defendant's motion to compel.

## ORDER

IT IS ORDERED that:

1. Plaintiff David Watts' motion to amend the complaint to add a claim for money damages and a jury demand, dkt. #72, is GRANTED. No further amendments or supplements will be accepted in this case without good cause.

2. Watts' motion for a protective order regarding his medical records and his request for additional law library time, dkt. #74, are DENIED.

3. Watts' motion to place his security file under seal and his request for *in camera* inspection of that file, dkt. #77, are DENIED.

4. Defendants' motion to compel Watts to authorize release of his medical records, dkt. #78, is GRANTED. Watts is advised that, once counsel for defendants provides him with an appropriate form, **Watts must provide his authorization by signing the form and returning it to defendants' counsel of record within fourteen (14) days or his case may be dismissed pursuant to Fed. R. Civ. P. 41(b).**

Entered this 28th day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge