IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID W. WATTS,

        Plaintiff,                         ORDER

v.                                           10-cv-550-wmc
                                                     Appeal no. 14-2750

DAN WESTFIELD and RICK RAEMISCH,

        Defendants.

---

On July 11, 2014, this court granted defendants' motion for summary judgment and dismissed the prisoner civil rights case filed by plaintiff David W. Watts. Watts has filed a notice of appeal. On August 26, 2014, the court granted Watts leave to proceed *in forma pauperis* on that appeal. Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1), the court also ordered Watts to make an initial, partial payment of the appellate docketing fee in the amount of $2.19 within thirty days.[1] (Dkt. # 154). To date, Watts has not complied with that order. Instead, Watts has now filed a motion for a court order to use funds from his inmate release account to make the initial partial payment as directed. Watts's request will be granted.

In his pending motion, Watts indicates that he is unable to comply with the court's August 26, 2014 order because he will have no funds in his inmate trust account until November 21, 2014. Prison officials reportedly advised Watts to seek a court order allowing him to use release account funds to make this payment.

---

[1] The Seventh Circuit has granted Watts an extension of time, up to and including October 27, 2014, in which to make his initial partial fee payment.

The PLRA requires courts to collect filing fees from a "prisoner's account." 28 U.S.C. § 1915(b). Funds in a Wisconsin inmate's release account are typically reserved for use upon his release from imprisonment. This court has taken the position that prison officials are required to use a prisoner's release account to satisfy an initial partial fee payment if he has insufficient funds in his inmate trust account, *see Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), and the State of Wisconsin has conceded that the PLRA, 28 U.S.C. § 1915(b)(1), supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account. *See id*. Therefore, if sufficient funds do not exist in Watts's regular account to pay his initial partial payment, he should be allowed to use his release account to pay some or all of the assessed amount. This does not mean that Watts is free to ask prison officials to pay *all* of his appellate filing fee from his release account. *See Carter*, 399 F. Supp. 2d at 937. The only amount that Watts must pay at this time is the $2.19 initial partial payment toward the appellate docketing fee. Prison officials are directed to deduct that amount from Watts's release account for purposes of making the $2.19 initial partial appellate fee payment only if he has insufficient funds in his regular inmate trust fund account. Watts should show a copy of this order to prison officials to insure they are aware that they should send plaintiff's initial partial appeal payment to this court.

ORDER

IT IS ORDERED that:

1. Plaintiff David Watts's motion to use release account funds to pay his initial partial appellate fee payment (dkt. # 155) is GRANTED.

2

2. If funds are not available from Watts's regular inmate trust fund account, prison officials are directed to deduct $2.19 from Watts's inmate release account for the purpose of paying his initial partial appellate fee payment as provided herein. That amount must be submitted to this court not later than October 27, 2014.

Entered this 16th day of October, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge